IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SUNTRUST MORTGAGE, INC., )
)
    Complainant, )
)
v. ) Civil Action No. 3:12cv692
)
MERIDIAN RESIDENTIAL CAPITAL, LLC., )
d/b/a FIRST MERIDIAN MORTGAGE, )
d/b/a TRUMP FINANCIAL )
)
    Defendant. )

SEP 28 2012



## COMPLAINT

Complainant, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, recites the following facts and allegations in support of its Complaint against Meridian Residential Capital, LLC, d/b/a First Meridian Mortgage, d/b/a Trump Financial ("Meridian");

### NATURE OF ACTION

1. SunTrust agreed to fund mortgage loans brokered by Meridian pursuant to the terms of a Mortgage Broker Agreement ("Agreement"). SunTrust then resold the loans to secondary investors, including the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

2. Meridian has an obligation to indemnify SunTrust or repurchase loans upon the occurrence of certain events. Meridian has breached its indemnification and repurchase requirements, as stated under the Agreement, and SunTrust seeks to recover losses occasioned by Meridian's breach of contract.

## PARTIES

3. Complainant SunTrust is a Virginia corporation duly authorized to conduct business in the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia.

4. Upon information and belief, Meridian was at all relevant times herein a New Jersey limited liability company, with its principal place of business in Brooklyn, New York.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(a) based upon diversity of citizenship between the parties and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) based upon a Mortgage Broker Agreement entered into between SunTrust and Meridian on or about August 21, 2006, wherein the parties submit to the personal jurisdiction of the United States District Courts sitting in Virginia, and agree that venue is proper before the United States District Court for the Eastern District of Virginia, Richmond Division.

## BACKGROUND FACTS

7. On or about August 21, 2006, SunTrust and Meridian entered into a Mortgage Broker Agreement, whereby Meridian agreed to originate, process and broker mortgage loans to SunTrust, and SunTrust agreed to close and fund the loans in its own name, subject to the terms of the Agreement. See, Exhibit 1.

8. Paragraph 15 of the Agreement states that, among other things, Meridian will indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" relating to, or arising from, the breach of any representation, warranty, term, condition or obligation contained in either the

Agreement or elsewhere, or for any materially inaccurate, incomplete, false or misleading information provided by or through Meridian to SunTrust.

9. Among other things, Meridian warranted to SunTrust, in paragraph 9 of the Agreement:

    a. That it originated, processed and brokered each loan in full compliance with the Agreement and SunTrust's terms;

    b. That it has complied with all applicable laws;

    c. That all information contained in the loan applications, as well as the loan application packages, is genuine, complete and accurate, and that they contained no fraudulent or misleading information – "including, without limitation, any information obtained from or concerning the Borrower or the Secured Property, any credit report regarding the Borrower, or any appraisal report regarding the Secured Property"; and

    d. That each loan constitutes an acceptable investment.

10. Meridian also agreed, at Paragraph 4.2.1, that it "...shall be responsible of the accurate preparation and completion of the Loan Application Package."

11. In accordance with paragraph 13 of the Agreement, Meridian agrees to repurchase the loan within ten days of SunTrust's repurchase demand upon the occurrence of the following Events of Default: (1) An uncured breach of representation or warranty; (2) Failure to deliver certain documents; (3) The loan application or package are discovered to contain materially incomplete, inaccurate, false or misleading information; (4) Failure to comply with the Agreement or other terms and conditions; or (5) Bankruptcy filing by Meridian.

12. SunTrust reasonably relied on the representations made by Meridian in the Agreement that the loan application packages and loan applications themselves were accurate and contained no false or misleading information.

13. SunTrust has made demand upon Meridian for repurchase of loans and indemnification of losses, with which Meridian has not complied.

### Santana 3340 and Santana 3423 Loans

14. Meridian originated and processed the Santana 3340 and Santana 3423 Loans, which it brokered to SunTrust.

15. SunTrust funded the Santana 3340 and Santana 3423 Loans pursuant to the Agreement on or about November 16, 2007.

16. The Santana 3340 Loan was subsequently sold to Fannie Mae by SunTrust.

17. On or about June 01, 2011, Fannie Mae demanded that SunTrust repurchase the Santana 3340 Loan based upon its determination that the loan package contained inaccurate, false or misleading information regarding the borrower's liabilities.

18. The borrower was liable for debts in an amount substantially more than stated on the borrower's loan application.

19. SunTrust concurred with Fannie Mae's review, and subsequently repurchased the Santana 3340 Loan.

20. The current payoff amount on the Santana 3340 Loan is $542,315.29.

21. The current payoff amount on the Santana 3423 Loan is $47,000.00

22. Had SunTrust known that the loan package contained inaccurate, false or misleading information regarding the borrower's liabilities, it would not have purchased the loans.

### Vega 2433 Loan

23. Meridian originated and processed the Vega 2433 Loan, which it brokered to SunTrust.

24. SunTrust funded the Vega 2433 Loan pursuant to the Agreement on or about November 6, 2007.

25. The Vega 2433 Loan was subsequently sold to Fannie Mae by SunTrust.

26. On or about March 19, 2010, ("RMIC") notified SunTrust that it was rescinding the mortgage insurance coverage for the Vega 2433 Loan based upon a finding that the loan package contained inaccurate information regarding the borrower's liabilities.

27. On or about April 22, 2011, Fannie Mae demanded that SunTrust repurchase the Vega 2433 Loan based upon its determination that the loan package contained inaccurate, false or misleading information regarding the borrower's liabilities.

28. The borrower was liable for debts in an amount substantially more than stated on the borrower's loan application.

29. SunTrust concurred with Fannie Mae's and RMIC's reviews, and subsequently repurchased the Vega 2433 Loan.

30. The current payoff amount on the Vega 2433 Loan is $492,525.08.

31. Had SunTrust known that the loan package contained inaccurate, false or misleading information regarding the borrower's liabilities, it would not have purchased the loan.

### Fernando 5600 and Fernando 5790 Loans

32. Meridian originated and processed the Fernando 5600 and Fernando 5790 Loans, which it brokered to SunTrust.

33. SunTrust funded the Fernando 5600 and Fernando 5790 Loans pursuant to the Agreement on or about October 17, 2007.

34. The Fernando 5600 Loan was subsequently sold to Fannie Mae by SunTrust.

35. On or about October 25, 2011, Fannie Mae demanded that SunTrust repurchase the Fernando 5600 Loan based upon its determination that the loan package contained inaccurate, false or misleading information regarding the borrower's income and occupancy of the subject property.

36. The borrower earned income in an amount significantly less than stated on the loan application.

37. The borrower did not occupy the subject property as a primary residence as stated in the loan package submitted to SunTrust.

38. SunTrust concurred with Fannie Mae's review, and subsequently repurchased the Fernando 5600 Loan.

39. The current payoff amount on the Fernando 5600 Loan is $602,759.85.

40. The current payoff amount on the Fernando 5790 Loan is $68,007.00

41. Had SunTrust known that the loan package contained inaccurate, false or misleading information regarding the borrower's income and occupancy of the subject property, it would not have purchased the loans.

## FIRST CLAIM FOR RELIEF AGAINST MERIDIAN
## FOR BREACH OF CONTRACT OF INDEMNIFICATION

42. SunTrust restates and realleges paragraphs 1 – 41 as if set out in full.

43. The Agreement is a valid and enforceable contract binding upon the parties.

44. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loan and compensated Meridian.

45. Meridian has breached the indemnification provision of the Agreement found at paragraph 15 by failing to indemnify SunTrust against losses incurred as a result of Meridian's breach of representations and warranties contained in paragraph 9 of the Agreement, as well as losses incurred due to materially inaccurate, incomplete, false or misleading information provided by Meridian to SunTrust.

46. The breach of the indemnification provision by Meridian has resulted in damages to SunTrust for the Santana 3340 and Santana 3423 Loans, the Vega 2433 Loan, and the Fernando 5600 and Fernando 5790 Loans.

## SECOND CLAIM FOR RELIEF AGAINST MERIDIAN

## FOR BREACH OF EXPRESS WARRANTY

47. SunTrust restates and realleges paragraphs 1 – 41 as if set out in full.

48. The Agreement is a valid and enforceable contract binding upon the parties.

49. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loan and compensated Meridian.

50. Meridian has breached Warranty 9.1 of the Agreement, among other provisions, by brokering loans that were not eligible under the loan programs offered by SunTrust.

51. Meridian has breached Warranty 9.5 of the Agreement, among other provisions, by providing SunTrust with loan materials that contained misleading information.

52. Meridian has breached Warranty 9.6 of the Agreement, among other provisions, by brokering loans to SunTrust that did not constitute an acceptable investment.

53. Meridian has created an Event of Default under paragraph 12.3, among other provisions, by submitting information that contained false or misleading statements.

54. SunTrust has been damaged by multiple breaches of contract committed by Meridian which have resulted in a loss from the Santana 3340 and Santana 3423 Loans, the Vega 2433 Loan, and the Fernando 5600 and Fernando 5790 Loans.

## THIRD CLAIM FOR RELIEF AGAINST MERIDIAN

## FOR SPECIFIC PERFORMANCE

55. SunTrust restates and realleges paragraphs 1 – 41 as if set out in full.

56. The Agreement is a valid and enforceable contract binding upon the parties.

57. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loan and compensated Meridian.

58. Pursuant to paragraph 13 of the Agreement, in addition to its other remedies, SunTrust may demand repurchase of certain loans (or the secured property if the loan has been subject to foreclosure) by Meridian upon 10 calendar days notice.

59. SunTrust, by and through its agents, has made repurchase demands, with which Meridian has not complied.

60. Under the Agreement, the repurchase price is calculated as the higher of (a) the unpaid principal balance or (b) the price paid by SunTrust (but not less than par), plus all accrued interest through and including the date of repurchase, together with expenses, court costs, legal, and professional fees.

61. SunTrust has suffered a loss of not less than $1,752,607.22 on the Santana 3340 and Santana 3423 Loans, the Vega 2433 Loan and the Fernando 5600 and Fernando 5790 Loans.

## RELIEF SOUGHT

Wherefore, Complainant SunTrust respectfully requests this Honorable Court to grant judgment in its favor and against the Defendant Meridian as more fully set forth below:

### FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT OF INDEMNIFICATION

1. For general damages against Meridian, SunTrust requests indemnification in the amount of $1,752,607.22;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of Meridian which have given rise to the breach; and

3. For interest at the statutory rate.

### SECOND CLAIM FOR RELIEF FOR BREACH OF EXPRESS WARRANTY

1. For general damages against Meridian in an amount to be proven at trial, but which are not less than the sum of $1,752,607.22;



2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of Meridian which have given rise to the breach; and

3. For interest at the statutory rate.

### THIRD CLAIM FOR RELIEF FOR SPECIFIC PERFORMANCE

1. For an order charging Meridian to repurchase the secured property for the Santana 3340 and Santana 3423 Loans, the Vega 2433 Loan and the Fernando 5600 and Fernando 5790 Loans, or in the alternative, for general damages against Meridian in an amount not less than the sum $1,752,607.22;

2. For actual attorney's fees, costs and expenses incurred herein, in accordance with the terms of the Agreement; and

3. For interest at the statutory rate.

Richmond, Virginia
September 28, 2012

Respectfully Submitted,

L. Scott Bruggemann
VSB No. 42634
e-mail: sbruggemann@wolfewyman.com
Harijot S. Khalsa
VSB No. 78682
e-mail: hskhalsa@wolfewyman.com
Wolfe & Wyman LLP
901 E. Byrd Street, Suite 1105
Richmond, VA 23219
(804) 649-0100 (phone)
(804) 343-0101 (fax)
*Attorneys for SunTrust Mortgage, Inc.*